### YANTIS v MURNAN

Ohio Appeals, 2nd Dist, Franklin Co

No 2541. Decided Nov 4, 1935

Faust & Faust, Troy, and Hamilton, Kramer & Wiles, Columbus, for plaintiff in error.

John A. Connor, Columbus, and James R. Spellman, Columbus, for defendant in error.

## OPINION

By BODEY, J.

In order to properly pass upon these questions we should have before us certain sections of our statute. §5966 GC is in part as follows:

"MONEY, ETC., LOST AT GAMES MAY BE RECOVERED; EXCEPTIONS. If a person, by playing a game, or by a bet or wager, loses to another money or other thing of value, and pays or delivers it or a part thereof, to the winner thereof, such person so losing and paying or delivering, within six months after such loss and payment or delivery, may sue for and recover such money or thing of value or part thereof, from the winner thereof, with costs of suit * * *."

Sec 5967 GC is as follows:

"RECOVERY OF LOSSES IN LOTTERIES, ETC. A person who expends money or thing of value, or incurs an obligation for the purchase of or to procure a lottery or policy ticket, hazard or chance, or an interest therein, in or on account of a lottery, policy, scheme of chance, game of faro, pool or combination, keno or scheme of gambling, or a person dependent for support upon or entitled to the earnings of such person, or a citizen for the use of the person so interested, may sue for and recover from the person receiving such money, thing of value or obligation, the amount thereof, with exemplary damages, which shall not be less than Fifty Dollars nor more than Five Hundred Dollars, and may join as defendants in such suit all persons having an interest in such lottery, policy or scheme of chance, or the possible profits thereof, as backers, vendors, owners or otherwise."

Sec 5969 GC reads thus:

'WHEN THIRD PARTY MAY SUE. If a person losing money or thing of value as provided in §5966 GC, within the time therein specified, and without collusion or deceit, does not sue, and effectively prosecute for such money or thing of value, any person may sue for and recover it, with costs of suit, against such winner thereof, for the use of such person prosecuting such suit."

A comparison of the language contained in the first two sections above quoted will disclose that under the provisions of §5966 GC the amount of recovery is limited to losses sustained while the recovery provided for by §5967 GC is that of money expended, irrespective of the amount won or lost. We believe that these sections are consistent and that there is good reason for the recovery which is warranted by each section. When a person places a bet or wager, he makes it with a particular individual and, under §5966, GC, that individual or person should respond for losses sustained by the other. If more than one bet has been made, reciprocal obligations to respond for losses may arise. If one institutes action against the other for moneys lost by bets and wagers, and there has been a series of transactions where bets and wagers have been won and lost, the defendant may by cross-petition recover his losses from the plaintiff. The cross-petition would be an original action under this section. On the trial, the net result of the total of the transactions will represent the amount of the verdict of one against the other. On the other hand, if a person becomes a client or customer of another who operates a gambling house, wherein are displayed schemes of chance and gambling, the player does not necessarily take his chance or do his gambling with the proprietor. He plays with others. In many instances, third persons win his money. In case of loss or even in case of winning, the player has a right of action against the proprietor or operator as does his dependent, under §5967, GC, for the amounts of money expended in the establishment on these schemes of chance or gambling. If the action of plaintiff below was instituted under §5966 GC, then the action of the trial court in the admission of evidence of winnings and in the special instructions and general charge to the jury was correct. On the other hand, if, as counsel for plaintiff contend, the action was instituted under §5967 GC the above mentioned actions of the trial court were

erroneous. These sections have been before the Supreme Court of Ohio several times. In the case of **Lannen v Worland et, 119 Oh St, 49,** the court traces the history of the various sections. It appears from the opinion in that case that §§5966 **and 5969 GC** were enacted March 12, 1831, and constituted §§2 and 4 of "An Act for the prevention of gaming"; that §5967 GC was enacted April 11, 1873 as amendatory to an act for the punishment of certain offenses, which act was originally passed March 8, 1831; and that §5966 GC was amended on April 16, 1919 by adding the exception thereto which appears in the last sentence of the section. The Supreme Court in this case observes that §5967 GC, but for the existence of §§5966 **and 5969 GC,** is sufficient unto itself and that the latter two sections could have been repealed by implication by the enactment of §5967 GC. The court states, however, that "the amendment and re-enactment of §5966 GC of April 16, 1919, and the limitation of §5969 GC by that amendment, do preclude the repeal now of those sections by implication." The court then says:

"That situation therefore requires the construction of the three sections in harmony with each other, with a view to giving effect to the various provisions of each; and such construction requires the application of the limitations of §§5966 **and 5969 GC** to the rights created in §5967 GC."

The court then holds that the limitation of six months referred to in §5969 GC is applicable to §5967 GC as set forth in the second syllabus, which is as follows:

"The right created by §5967, GC, in favor of a dependent of a person expending money or incurring an obligation in or on account of a scheme of gambling does not accrue to such dependent until six months after such expenditure or incurring of an obligation."

Since these three sections are related and are inter-dependent and since it is the duty of the court to afford to them a harmonious construction, we believe that we should give effect literally to the language which is employed particularly in §§5966 **and 5967 GC.** It would appear that §5966 GC was enacted many years before §5967 GC and that the Legislature by its passage desired to place on the statute books a law which would permit recovery of money or other thing of value lost by playing a game, or by a bet or wager. It would further ap-

pear that thereafter the Legislature by the enactment of §5967 GC provided for the recovery of money expended in other methods, to-wit, **the purchase of or to procure a lottery or policy ticket, hazard or chance, or an interest therein, in or on account of a lottery, policy, scheme of chance, game of faro, pool or combination, keno or scheme of gambling.** This was apparently the view of the Supreme Court of Ohio as taken from the opinion in the case of Vincent v Taylor, 60 Oh St, 309, at page 313. Note the following language:

"Sec 4271 (§5967 GC) Revised Statutes, was enacted long after §4270 (§5966 GC) had been in force, and it seems clear that its chief object was to provide a remedy for other instances of money lost at gaming than was afforded by the earlier section, by reaching a class of persons who, although they did not participate in a game played for money, etc., nor were parties to a bet or wager, nevertheless, promote the evils of gaming by affording the means by which schemes or games of chance for money could be indulged in or played by others."

Further evidence that the Legislature intended §5966 GC only to authorize the recovery of money lost by a bet or wager is furnished by the fact that this section was amended and re-enacted in 1919.

It will be observed that in the cases of Lannen v Worland et al, supra, and Vincent v Taylor, supra, and in the cases of **Rutherford & Co. v Spaid, 102 Oh St, 233,** and **McGill v Worland et, 25 Oh Ap, 297,** (4 Abs 630), to which reference is made in the briefs, the action in each instance was instituted by the plaintiff wife for the recovery of moneys expended by her husband in schemes of gambling. The scheme of gambling in none of these cases, however, included the placing or taking of bets and wagers. It is not to be denied that such an action, according to the language contained in the section, must be brought under the provisions of §4967, GC. That section particularly provides for the recovery of money expended in a scheme of gambling. We are not prepared to say, however, that the making or placing of bets and wagers is a part of a scheme of gambling under the evidence in this case. The evidence is undisputed that the business of the defendant is that of a bookmaker, that is, a person who takes bets and wagers on horse races. There is no evidence that any other kind of gambling was participated in or encouraged by the defendant. It is our view that §5966 GC provides the only basis for the recovery of money lost by the making of bets or wagers alone. The language of the petition may only be referable to this latter section. It, therefore, follows that in our judgment the instant action may be maintained only under the provisions of §5966 GC and that under that section recovery could only be had for losses sustained by the plaintiff's husband. If money was won by her husband from the defendant on bets and wagers, such winning should necessarily be taken into consideration in arriving at the actual net loss, if any, which was sustained. No prejudicial error accrued to the plaintiff in this particular when the court passed upon the third defense contained in the amended answer and when it tried the case.

Counsel for the plaintiff objected to the introduction of certain exhibits offered by the defendant which purported to represent wagers made by Forrest S. Yantis with the defendant. In many instances Forrest S. Yantis identified the exhibit as being in his handwriting, except certain portions thereof which purported to show the amount of money paid back upon the particular wager. Certain employees of the defendant testified that they had written the amount of winnings on these wager slips immediately after the particular races were run. When these slips went to the jury, they not only showed the amount of a particular wager but also the amount, if any, which was won thereon. We see nothing prejudicial or objectionable to the plaintiff in the admission of this evidence.

It is also claimed that the court permitted the introduction of racing forms. We do not find these forms in the bill of exceptions. Reference was made to them by certain witnesses for the defendant for the purpose of ascertaining whether or not certain wagers made on certain days by Forrest S. Yantis were won by him. It was testified that these racing forms were authentic and that they correctly set forth the results of certain horse races. We see nothing objectionable in this reference to these racing forms. It was claimed by counsel for the plaintiff that these forms were illegal. We can not agree with this contention. Unquestionably, it was illegal for Forrest S. Yantis to wager with the defendant on horse races. The races themselves were legal. The results thereof were legal. We know of no better proof of the result of any kind of a race than the published reports thereof in a recognized publication. The plaintiff was not prejudiced by references made to these racing forms.

The defendant was permitted over objection to inquire of Forrest S. Yantis concerning wagers made at certain race tracks. While such testimony was probably incompetent and immaterial, it was not prejudicial.

Neither was it prejudicial for the employees of the defendant to testify that under the rules laid down by their employer they were not permitted to advise upon the placing of bets or wagers.

It is also claimed by plaintiff that the court erred in refusing to permit Forrest S. Yantis to state to the jury the gross amount of money he wagered with the defendant. The witness was permitted, however, to state to the jury in at least two instances that his losses exceeded his winnings by $15,000.00. In addition thereto, the court, in ruling upon the objection to the question calling for the gross amount of winnings, particularly referred to the testimony of Forrest S. Yantis in which he had placed his net losses in excess of $15,000.00. This took place in the presence of the jury and should have been highly beneficial to plaintiff. Counsel for the plaintiff cite the case of **Lear et v McMillen, 17 Oh St, 464,** in this connection, and quote the second syllabus thereof, which is as follows:

"In an action to recover such money, it is sufficient for the plaintiff to show the aggregate amount of his losses, **or of the excess of his losses over his winnings,** between specified dates, without proving the amount and date of each particular loss or the particular agent or proprietor to whom each sum was paid." (Black face ours).

The black face portion of this syllabus is the alternative which the trial court followed. No prejudicial error could result in the court's refusal to permit the introduction of testimony concerning gross losses.

Exception was also taken to the refusal of the trial court to permit the witness, Forrest S. Yantis, to testify concerning the methods by which he raised money to make wagers with the defendant. Such testimony was properly excluded. It was entirely self-serving. Full benefit of the testimony of this witness had already inured to the plaintiff when he was permitted to detail in amount his net losses.

It is also claimed that the verdict is manifestly against the weight of the evidence. The jury had the opportunity of seeing and hearing the witnesses. It had the province of passing upon their credibility and of giving due and proper weight

to their testimony. A reviewing court may not usurp the functions of the jury except that its verdict is not supported by any evidence or is manifestly against its weight. There is ample evidence in the record to warrant the jury in reaching the conclusion which it did reach. This court is, therefore, precluded from substituting its judgment for that of the jury.

The special requests of plaintiff before argument were all based upon the theory that the action was instituted under favor of §5967 GC. In view of our holding on this particular, it follows that no error intervened by the refusal to give these requests.

We find no prejudicial error in this record. In our judgment, as disclosed by the record, substantial justice has been done between the parties. The judgment of the lower court is affirmed. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.

## ON MOTION TO CERTIFY

Decided Nov 22, 1935

By THE COURT

Submitted on motion of plaintiff in error to certify on the ground that the same is in conflict with the decision of the Court of Appeals of Lucas County in the case of **Worland et v McGill, 26 Oh Ap, 443.** In our original opinion we held that §5966 GC applies to an action for the recovery of money lost or expended by the making of bets and wagers and that §5967 GC furnished the measure of recovery for money expended in other schemes of gambling. This decision is not in conflict with the case of Worland et v McGill, supra, as the latter case was an action in which the plaintiff sought to recover money expended in schemes of gambling. So far as we have been able to learn, no action for the recovery of moneys lost or expended in the making of bets and wagers has been instituted or permitted to go to trial under §5967 GC. We hold that there is a clear distinction between the recovery authorized by each of these sections. To hold otherwise would be contrary to the cases of **Vincent v Taylor, 60 Oh St, 309, and Lannen v Worland et, 119 Oh St, 49.** The motion to certify is overruled. Exceptions.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.